TO: Clerk's Office
   **UNITED STATES DISTRICT COURT**
   **EASTERN DISTRICT OF NEW YORK**



**APPLICATION FOR LEAVE
TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES

   -v.-                               20-MJ-680
TERIQUE HINES,                        Docket Number
also known as "Young Costamado"
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: AUSA Michael W. Gibaldi
Firm Name:
Address: U.S. Attorney's Office, EDNY
         271A Cadman Plaza East, Brooklyn, NY 11201
Phone Number: (718) 254-6067
E-Mail Address: michael.gibaldi@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✓
**If yes, state description of document to be entered on docket sheet:**

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

Defendant at liberty

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED:  Brooklyn                , NEW YORK
        August 18, 2020
                *Lois Bloom*

**U.S. MAGISTRATE JUDGE**

RECEIVED IN CLERK'S OFFICE August 18, 2020
                                   DATE

**MANDATORY CERTIFICATION OF SERVICE:**
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____ ; or **C.)** ____ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

August 18, 2020                    [signature]
   DATE                             SIGNATURE

AB/SK:MWG
F. #2020R00680

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -

TERIQUE HINES,
      also known as "Young Costamado,"

              Defendant.

– – – – – – – – – – – – – – – – –X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF
APPLICATION FOR AN
ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

20-MJ-680

EASTERN DISTRICT OF NEW YORK, SS:

      JAMES GRZELAK, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD") and a Task Force Officer with the Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about July 30, 2019, within the Eastern District of New York, the defendant TERIQUE HINES, also known as "Young Costamado," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a 9mm Glock 19 firearm bearing serial number HA464 US, and ammunition.

      (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and grounds for his belief are as follows:[1]

1. I am a Detective with the NYPD and have been since 2014. I am also a Task Force Officer with HSI and have been since 2015. I have been involved in the investigation of numerous cases involving firearms offenses. I am currently assigned to the Criminal Enterprise Investigations Unit, Violent Gang Task Force. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement officers and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about July 30, 2019, the defendant TERIQUE HINES, also known as "Young Costamado," was sitting in the driver's seat of a Black 2016 Jeep Grand Cherokee with New Jersey license plate S20LDZ (the "Vehicle") in the Canarsie neighborhood of Brooklyn, New York. The Vehicle was parked on East 82nd Street in Canarsie, and another individual (the "Passenger") was sitting in the front passenger's seat. At approximately 1:55 a.m., an unknown vehicle stopped next to the passenger's side of the Vehicle, and an individual inside the vehicle fired multiple gun shots at the passenger's side of the Vehicle before speeding away.

3. HINES drove away. NYPD officers stopped the Vehicle, and HINES told law enforcement, in sum and substance, that he believed the Passenger had been shot.

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth each and every fact I have learned during the course of this investigation.

2

However, upon further investigation, HINES and the officers realized that the Passenger had not been shot, and that one of the bullets had hit a piece of the Vehicle's seat, and that a piece of the Vehicle's seat had then struck the Passenger on his right buttock.

4. NYPD officers asked HINES and the Passenger to speak to law enforcement at the 69th Precinct concerning the shooting. HINES and the Passenger agreed, and NYPD officers transported HINES and the Passenger to the 69th Precinct. NYPD officers also seized the Vehicle as evidence and brought it to the 69th Precinct.

5. At the 69th Precinct, law enforcement officers advised HINES of his Miranda rights, and HINES waived his Miranda rights verbally and in writing. HINES stated, in sum and substance and in part, that he owned the Vehicle, although it was registered in his girlfriend's name; that he and the Passenger were sitting in the Vehicle when an unknown vehicle pulled alongside the Vehicle and fired multiple gun shots at the passenger's side of the Vehicle before speeding away; that he initially thought the Passenger had been shot; and that he sped away from the scene before being stopped by NYPD officers.

6. After the interview of HINES, an NYPD officer conducted an inventory search of the entire Vehicle, including the trunk, pursuant to standard NYPD procedures. When the officer examined an open storage compartment on the left side of the trunk, he found one round of ammunition inside the compartment. The officer continued his inventory search and later discovered a white fabric bag inside a closed storage compartment on the side of the trunk. Inside the white fabric bag was a loaded 9mm Glock 19 firearm bearing serial number HA464 US (the "Firearm") and a high-capacity magazine capable of

3

holding thirty-three rounds of ammunition (the "Magazine").[2] The following is a photograph of the Firearm and Magazine:



7. The defendant features prominently in a music video posted to YouTube on or about November 8, 2018, entitled "Folk in the Trunk Pt 2," a provocative rap song about killing members of the Folk Nation and specifically the Gangster Disciples, a set of the Folk Nation. In this video, the defendant can be seen brandishing a Glock-style firearm with a high-capacity magazine. The following are still images of the defendant holding that firearm in the music video:

---

[2] The identity of this officer is known to me, and I have interviewed this officer about the events set forth herein. In addition, the inventory search was recorded on the officer's body worn camera, which I have reviewed.

4







8.      Based on my training and experience, I know that the type of firearm and high-capacity magazine that the defendant is holding in the above-described music video is similar to the Firearm and Magazine found in the Vehicle.  Moreover, based on my training and experience, this type of firearm with a high-capacity magazine is extremely uncommon in New York City.

9.      An NYPD Evidence Collection Team officer swabbed the Firearm for DNA by applying swabs to various areas of the Firearm, including the trigger and trigger guard; frontstrap, backstrap, and side grips; and the slide grip, magazine release, and slide release.  These swabs were submitted to the Office of Chief Medical Examiner for the City of New York (the "OCME") for DNA testing.

10.     On or about August 12, 2020, an OCME criminalist concluded that HINES was a contributor to the following DNA samples: (i) a three-person mixture of DNA recovered from a swab of the "slide grip grooves, magazine release, slide release" of the Firearm; (ii) a three-person mixture of DNA recovered from the "frontstrap, backstrap, side grips" of the Firearm; and (iii) a three-person mixture of DNA recovered from the "trigger &

6

trigger guard" of the Firearm.  Specifically, the OCME criminalist determined that it was approximately 2.43 quadrillion times more probable that the "slide grip grooves, magazine release, slide release" DNA sample originated from HINES and two unknown person than if it originated from three unknown persons, approximately 146 trillion times more probable that the "frontstrap, backstrap, side grips" DNA sample originated from HINES and two unknown persons than if it originated from three unknown persons, and approximately 357 billion times more probable that the "trigger & trigger guard" DNA sample originated from HINES and two unknown persons than if it had originated from three unknown persons.[3]

11. The NYPD Police Laboratory, Firearms Analysis Section test-fired the Firearm and determined that two cartridge cases (also known as shell casings) recovered from an unsolved shooting on or about April 26, 2019, in the Bushwick neighborhood of Brooklyn, New York, had been discharged from the Firearm.

12. Moreover, the NYPD Police Laboratory, Firearms Analysis Section had previously determined that the above-described cartridge cases recovered from the unsolved shooting on or about April 26, 2019, had been discharged from the same firearm that had fired cartridge cases recovered from the scene of an unsolved homicide on or about August 29, 2016, in the Boro Park neighborhood of Brooklyn, New York.

13. According to an interstate nexus expert from ATF, the Firearm was manufactured outside the State of New York.

14. I have also reviewed the defendant's criminal history records and have determined that, on or about April 4, 2013, in the Supreme Court of the State of New York,

---

[3] The OCME criminalist excluded the Passenger as a contributor to any of the three DNA samples.

7

Kings County, the defendant was convicted of attempted criminal possession of a weapon in the third degree, in violation of New York Penal Law § 265.02(5)(ii), a felony punishable by a term of imprisonment of more than one year. The defendant was sentenced to one year of imprisonment.

15. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant. The defendant is currently at liberty, and disclosure of the papers submitted in support of this application would give the defendant an opportunity to change patterns of behavior and flee from or evade prosecution, and would therefore have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant TERIQUE HINES, also known as "Young Costamado," so that he may be dealt with according to law.

_____
JAMES GRZELAK
Detective, New York City Police
Department, and Task Force Officer,
Department of Homeland Security,
Homeland Security Investigations

Sworn to before me by telephone this
18th day of August, 2020

_Lois Bloom_
_____
THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

8

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| United States of America<br>v.<br>TERIQUE HINES,<br>also known as "Young Costamado,"<br>*Defendant* | ) ) ) ) ) ) )  Case No. 20-MJ-680 |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   TERIQUE HINES, also known as "Young Costamado",
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Felon in possession of a firearm, 18 U.S.C. 922(g)(1)

Date: 08/18/2020

*Lois Bloom*
*Issuing officer's signature*

City and state: Brooklyn, New York

The Honorable Lois Bloom
*Printed name and title*

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:                                              Weight:

Sex:                                                 Race:

Hair:                                                Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*: